ALICE L. FLINT & another *vs.* WESTCHESTER FIRE
INSURANCE COMPANY & another.

Suffolk.    November 28, 1910. — January 4, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Insurance*, Fire.

If the person named as the insured in a Massachusetts standard policy of insurance against loss by fire of a dwelling house owned by him, which contains a provision that the policy shall be void if, without the assent of the insurance company, the property " shall be sold, or this policy assigned," sells the property without the knowledge or assent of the insurance company which issued the policy or of another company which has reinsured the risk, neither the person named in the policy as the insured nor the person to whom he has sold his interest in the land, has any further interest in the policy, which as to them is void.

The owner of certain mortgaged premises upon which was a dwelling house insured the dwelling house under a Massachusetts standard policy of insurance, " loss if any [being made] payable to " the mortgagee, " as its interest may appear," and thereafter, without the assent of the company, sold and conveyed the premises to another. Subsequently the risk of the insurance company was reinsured by a

second company so that the reinsuring company stood in the place of the original insurer. The dwelling house having burned, the reinsuring company, by reason of the clause in the policy that it should become void in case the property was sold without the assent of the company, refused to pay anything to the owner of the property or to the insured, and, acting under the provisions of the policy which protected the mortgagee against the policy's being made void by act or default of any one else, and provided that, whenever the company should " be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the companies interested, upon such payment, the said mortgage, together with the note and debt thereby secured," paid to the mortgagee the amount due on the mortgage, which was less than the amount of the policy, and caused an assignment of the mortgage to be executed by the mortgagee to a trustee for it. *Held,* that the assignment to the trustee was in effect an assignment to the company, and was within the rights of the company under the provision of the policy above quoted, and that neither the owner of the premises nor the insured had any rights in equity as to the mortgage or mortgage note or as to the amount of the policy beyond the amount due on the mortgage note.

BILL IN EQUITY, filed in the Superior Court on November 5, 1908, by Alice L. Flint and Edward H. Warren against the Westchester Fire Insurance Company and Lindsey K. Foster, alleging in substance that the plaintiff Flint purchased from the plaintiff Warren the real estate numbered 144 on Shurtleff Street in Chelsea, the real estate being subject to a mortgage which Warren had given to the County Savings Bank and a dwelling house thereon having been insured by Warren under a Massachusetts standard policy with the United States Fire Insurance Company for a period to extend from April 28, 1904, to April 28, 1909, Warren being named as the insured, and " loss if any [being made] payable to County Savings Bank, mortgagee, as its interest may appear "; that " said insurance was taken over or reinsured by the defendant insurance company "; that at the time of the transfer of the property to Flint by Warren, the policy also was assigned and that the insurance company then interested was notified thereof and assented thereto; that on April 12, 1908, the property insured was destroyed by fire, and that thereafter the savings bank transferred the mortgage to the defendant Foster, who threatened to foreclose it. The prayers of the bill were that the defendant Foster be enjoined from foreclosing or selling or disposing of the mortgage and the note secured thereby, that an accounting be had of the amount due

under the mortgage, that the defendant company be ordered to pay what was found to be due upon the mortgage to Foster, that Foster thereupon be ordered to cancel and deliver up the note and mortgage, and that the defendant company be ordered to pay to the plaintiff Flint what was due under the policy above the amount due on the mortgage note.

The case was heard by *Wait*, J., upon an agreed statement of facts, which were substantially in accordance with the allegations of the bill, except that it was agreed that the sale and conveyance by Warren to Flint did not come to the knowledge of either of the insurance companies until after the fire, and were not assented to by either of them; that then the agent of the defendant company stated to the plaintiff Flint that nothing would be paid to her on the policy because she had no interest therein, but that the company intended to pay to the savings bank the amount of its mortgage and to demand an assignment thereof; that thereafter the defendant company paid to the savings bank, as mortgagee, $1,525, the amount then due on the mortgage, " in consideration of which said bank executed an assignment of said mortgage, note and policy to the defendant, Lindsey K. Foster. . . . There remains due on said mortgage the sum of $1,500 and interest described therein, unless the same has been or should be satisfied by reason of the facts set forth in these proceedings. Said Foster paid no other consideration for said assignment and took and still holds said mortgage under an oral agreement that the same was held by said Foster in trust for the Westchester Fire Insurance Company. Neither the plaintiff Flint nor the plaintiff Warren ever assented to any of the transactions recited in this paragraph. The defendant company has never paid anything under said policy in addition to the amount paid for said mortgage as herein described."

The judge ordered a decree dismissing the bill, and reserved and reported the case for determination by this court.

*W. M. Noble*, for the plaintiffs.

*F. W. Brown*, (*W. L. Came* with him,) for the defendants.

HAMMOND, J. This seems to be a very plain case. The insurance policy issued by the United States Fire Insurance Company contained a provision that the policy should be void if

without the assent, in writing or in print, of the company the property insured " shall be sold or this policy assigned." By the subsequent sale to Flint without such consent this condition was violated, and, except as to the mortgagee which was protected by another clause hereinafter mentioned, the policy was void. Neither Warren, nor Flint, had any interest in the policy as owner of the property.

Nor was the situation changed by the contract of reinsurance between the insurer and the defendant, the Westchester Fire Insurance Company. The contract could not enlarge the rights of Warren or the plaintiff under the policy, or renew rights already lost. The only party as to whom the contract still existed as one of insurance was the mortgagee, the County Savings Bank ; and this was by virtue of a clause in the policy which, so far as material to the question before us, reads as follows : " If this policy shall be made payable to a mortgagee of the insured real estate, no act or default of any person other than such mortgagee or his agents, or those claiming under him, shall affect such mortgagee's right to recover in case of loss on such real estate : provided, that . . . whenever this company shall be liable to a mortgagee for any sum for loss under this policy, for which no liability exists as to the mortgagor, or owner, and this company shall elect by itself, or with others, to pay the mortgagee the full amount secured by such mortgage, then the mortgagee shall assign and transfer to the companies interested, upon such payment, the said mortgage, together with the note and debt thereby secured."

So far as respects this case the defendant company stood in the place of the original insurer. It elected to take an assignment under this clause in the policy. The fact that at its request the assignment was made to Foster in trust for the company rather than to the company itself is of no consequence. The assignment to him was in effect an assignment to the company. The policy in the case of *Graves* v. *Hampden Fire Ins. Co.* 10 Allen, 281, cited by the plaintiff, does not appear to have contained a clause for an assignment like the clause in this policy. That case therefore is clearly distinguishable from this.

It is also immaterial whether the original amount of insurance exceeds the amount of the mortgage. No matter what was the

original amount of the insurance, after the sale only the amount necessary for the protection of the mortgagee still stood, and even that stood subject to the provision for an assignment.

In accordance with the terms of the report the order is

*Bill dismissed.*